UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

C.J. Kalinowski,             )
                           )
             Plaintiff,    )
                           )
      v.                   )          Civil No. A2-05-019
                           )
City of Cavalier,         )
                           )
            Defendant.  )

**MEMORANDUM AND ORDER**

**I.    Introduction**

The plaintiff, C.J. Kalinowski, brings an action against the City of Cavalier ("City") for

discrimination, retaliation, and wrongful termination.  Before the Court is the City's Motion for

Summary Judgment (Doc #18).  The City alleges that no genuine issues of material fact exist, and,

accordingly, that it is entitled to judgment as a matter of law.  Kalinowski opposes the motion,

claiming there are issues of material fact that must be tried before a jury.  For the reasons outlined

below, the City's Motion for Summary Judgment (Doc. #18) is **DENIED**.

**II.    Background**

Kalinowski was employed as a police officer for the Cavalier Police Department from

1999 to 2004.  He was hired by Ken Wolf ("Wolf"), Chief of Police for the City of Cavalier.  Prior

to his employment with the Cavalier Police Department Kalinowski worked as a jailer for the

Lake Region Law Enforcement Center in North Dakota (1982-1983); as a deputy sheriff for the

Benson County Sheriff's Department in North Dakota (1983-1986); as an officer and sergeant for

the Albany Medical Center Security Department in New York (1986-1988); as a police officer and

sergeant  for the Hoosick Falls Police Department in New York (1988-1996); and as a police chief

for the Ashley Police Department in North Dakota (1997-1999).  Kalinowski has an Associate

Degree from the Lake Region Junior College in Devils Lake, North Dakota (1982) as well as a

Bachelor's Degree in Criminal Justice from the State University of New York at Albany (1988).

The issues of the case began in November 2002, when Wolf hired Officer Peterson

("Peterson").  Peterson, an officer with less experience, less years of employment, and less

education, was paid a higher salary than Kalinowski from the time Peterson was hired until

Kalinowski's next pay raise became effective.

Approximately one month after Peterson was hired, Kalinowski received his first

disciplinary letter following a domestic violence investigation.  He allegedly did not respond

appropriately to a service call.  Although Kalinowski took no formal action with regard to this

written warning, he alleges that he discussed the matter with Wolf and raised the issue of age

discrimination.

In August, 2003, Kalinowski received a "79" or "Good" rating on his annual performance

evaluation from Wolf.  The "details" section contained the following comments: "Reports

sometime [sic] suffer because of investigative effort; Strong in the special programs, but weak in

the investigative aspect of this profession; I see very little desire to be involved in investigations

and it is apparent at the completion of these incidents."  Following the evaluation, Wolf informed

Kalinowski that he would not be receiving a pay raise.

As a followup to his 2003 evaluation, Kalinowski included a one page written report

attached to his evaluation.  Kalinowski admitted that his investigative skills needed improvement

but also alleged that he raised the issue of disparate treatment of himself and the younger officers

prior to the evaluation based on age.  According to Kalinowski, he discussed the performance evaluation with Mayor Storie and Council Member Jerry Sagert.

On October 10, 2003, Kalinowski received a second written warning for failing to arrest an individual found in possession of a marijuana roach and for making a deceptive statement in his Daily Log concerning the circumstances surrounding that incident which occurred on September 27, 2003.  Prior to issuing the written notice, Wolf had a meeting with the police commission of the Cavalier City Council to discuss Kalinowski's termination.  Wolf felt the police committee wanted to give Kalinowski another chance to correct the problems, so he issued the letter of reprimand instead.

On October 18, 2003, Kalinowski appealed the October 10, 2003 written warning, claiming Wolf issued the warning to justify his termination, retaliate against him for complaining about the disparate pay issue, and to take the focus off Kalinowki's 2003 performance evaluation. On October 25, 2003, the Cavalier City Counsel denied Kalinowski's appeal.

On April 13, 2004, Kalinowski was terminated due to his failure to properly investigate a criminal matter and his unwillingness to arrest a minor individual in the possession of alcohol. The minor in question was Officer Huot's step-son.  Kalinowski alleges that Officer Huot called Kalinowski over to his house on April 10, 2004, to investigate damage to his vehicle.  Officer Huot told Kalinowski that his step-son had told him that the vehicle was struck while it was parked at a party on Montana Street.  Kalinowski could smell alcohol on Officer Huot's step-son and was aware that the step-son was a minor.  However, he did not recall being told that the minor was driving the vehicle.  After searching for evidence of a vehicle accident to no avail, Kalinowski alleges that he told Officer Huot that he would do some further investigation and complete his

report the next morning.  Kalinowski did not charge the minor with a DUI or a minor in

possession of alcohol that evening.  Kalinowski did not complete his report the next day because

he saw that Peterson had filed paperwork on the incident.  Peterson charged the minor with

possession of alcohol but failed to arrest the minor on a DUI charge.

On April 16, 2004, Kalinowski appealed his termination, claiming discrimination and

retaliation.  The Cavalier City Council denied Kalinowski's appeal.  On May 12, 2004,

Kalinowski filed a Charge of Discrimination with the North Dakota Department of Labor.  On

September 8, 2004, the North Dakota Department of Labor issued its determination that it was

unable to conclude a violation of the North Dakota Century Code 14-05-.4 and the Age

Discrimination in Employment Act of 1966, as amended, had occurred.

Kalinowski filed suit in this Court on February 22, 2005, alleging that the City

discriminated and retaliated against him after he complained about unfair treatment, the disparate

pay of a younger officer with less education and less experience, a failure to grant him a pay

increase based upon his evaluation, and disparate disciplinary treatment of other officers, as well

as the change in performance demands on him versus the other employees.

**III.   Discussion**

    A.   <u>Summary Judgment Standard</u>

Summary judgment is appropriate only when there is no genuine issue of material fact and

the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); <u>Celotex Corp.</u>

<u>v. Catrett</u>, 477 U.S. 317, 322 (1986).  A fact is "material" if it might affect the outcome of a case,

and a factual dispute is "genuine" if the evidence is such that a reasonable jury could return a

verdict for the nonmoving party.  <u>Anderson v. Liberty Lobby, Inc.</u> 477 U.S. 242, 248 (1986).

4

Rule 56 of the Federal Rules of Civil Procedure "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex, 477 U.S. at 322.  In presenting a motion for summary judgment, the moving party has the initial burden of presenting a prima facie showing of an absence of material facts through affidavits, documents, or other pleadings on file with the court. Celotex, 477 U.S. at 322-23.  Such a showing shifts to the non-movant the burden to go beyond the pleadings and present affirmative evidence showing that a genuine issue of material fact exists. Anderson, 477 U.S. at 256-57.  The non-movant "must show there is sufficient evidence to support a jury verdict in [his] favor." Nat'l Bank of Commerce v. Dow Chem. Co., 165 F.3d 602, 607 (8th Cir. 1999).   The court views the facts and the inferences to be drawn from the facts in the light most favorable to the nonmoving party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

   B.   Age Discrimination

Kalinowski alleges that the City intentionally discriminated against him on the basis of age in violation of the Age Discrimination in Employment Act ("ADEA") and the North Dakota Human Rights Act ("NDHRA"), by treating him less favorably than a younger employee, Officer Peterson.

The ADEA provides that it is unlawful "for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age."  29 U.S.C. § 623 (a)(1) (1998).  The ADEA applies to individuals age forty and older.  29 U.S.C.§ 631.

To survive a motion for summary judgment in an age discrimination case, a plaintiff must

establish a genuine issue of material fact regarding the issue of intentional discrimination.   A

claim of intentional age discrimination may be provided through direct or circumstantial evidence.

Lee v. Rheem Manufacturing Co., 432 F.3d 849, 853 (8th Cir. 2005).  Direct evidence shows a

"specific link between the alleged discriminatory animus and the challenged decision, sufficient to

support a finding by a reasonable fact finder than an illegitimate criterion actually motivated the

adverse employment action."  Id.  Circumstantial evidence creates the "requisite inference of

unlawful discrimination through the familiar three-part analysis of McDonell Douglas Corp. V.

Green, 411 U.S. 792, 93 (1973)."  Id.

Under the McDonell Douglas analysis, the plaintiff must first establish a prima facie case

of discrimination.  Haas v. Kelly Services, Inc., 409 F.3d 1030, 35 (8th Cir. 2005).  To establish a

prima facie case, a plaintiff is generally required to show that (1) he is a member of a protected

class; (2) the employer took some type of adverse employment action against him; (3) he was

meeting his employer's reasonable expectations at the time of the adverse action; and (4) he was

replaced by someone substantially younger.  Id.  Once the plaintiff establishes a prima facie case,

the defendant must "meet a burden of production" by articulating a legitimate non-discriminatory

reason for the adverse employment action.  Id.  Finally, if the defendant fulfills his burden of

production, the burden returns to the plaintiff to establish that the defendant's reason is a mere

pretext for discrimination.  Id.

The City of Cavalier alleges that Kalinowski failed to establish a prima facie case of age

discrimination which entitles them to summary judgment.  It is undisputed that Kalinowski was

over the age of forty at the time of the adverse action.  It is undisputed that Kalinowski's employer

took adverse employment action against him when the City hired Peterson, who was younger, less

experienced, and less educated than Kalinowski; paid Peterson more than Kalinowski was earning at the time; and in 2003, recommended a pay raise for Peterson and did not recommend one for Kalinowski. However, the City alleges that Kalinowski failed to establish the third element of a prima facie case;  Kalinowski was not meeting his employer's reasonable expectations during the time of the adverse employment action.

The City alleges that Kalinowski received written warnings because he was unwilling to arrest an individual that he found in possession of a controlled substance, he made deceptive statements in his Daily Log, and he had a history of lack of enforcement of criminal violations and past reprimands.  The City claims that Kalinowski was terminated due to his failure to properly investigate a criminal matter and his continuous misconduct in regards to his lack of enforcement when confronted with criminal violations. Furthermore, the City alleges that even if Kalinowski established a prima facie case of age discrimination, the City has established legitimate, nondiscriminary reasons for the adverse employment action taken against him as discussed above.

Kalinowski alleges that he has met his burden of establishing a prima facie case and that this case is unsuited to summary disposition.  Kalinowski was a member of a protected class and suffered an adverse action in the form of cascading disciplinary complaints after he complained of unfair treatment, the disparate pay of a younger officer with less education and experience, as well as Wolf's failure to grant him a pay increase based on his evaluation.  Kalinowski alleges that he met the employer's reasonable expectations in that he always rated "Good" or "Very Good" in his performance evaluations, with some factors being ranked as "outstanding".

Additionally, Kalinowski alleges other evidence to create the inference that his termination was based on illegal discriminatory criteria.  Kalinowski alleges that Wolf told him not to "knock

7

[himself] out trying to cover the open shifts, because [he is] not [a] young guy anymore."
Kalinowski alleges that the proximity in time between Kalinowski's complaint of unfair treatment
of older workers and the commencement of disparate disciplinary treatment is other evidence of
illegal discrimination. Also, the change in performance demands on Kalinowski, compared to the
other officers, is a factor to consider.

The City primarily relies on Ayala v. Graves Hospitality Corp., 2006 WL 1195905 (D.
Minn. May 4, 2006) in support of its Motion for Summary Judgment. Ayala involved four
plaintiffs who alleged they were terminated by Le Meridien Hotel Minneapolis due to their age.
The court found that the facts of that employment discrimination case supported summary
judgment. In Ayala, the defendants presented legitimate, nondiscriminatory reasons for
terminating the plaintiffs.

However, this Court is faced with different facts that do not warrant such a decision. In
deciding this summary judgment motion, the Court must view the evidence and any inferences
drawn from the facts in the light most favorable to Kalinowski. There is a strong preference in the
Eighth Circuit Court of Appeals against granting summary judgments in employment
discrimination cases, which this Court agrees with. "Summary Judgments should seldom be used
in cases alleging employment discrimination." Johnson v. Minnesota Historical Society, 931 F.2d
1239, 1244 (8th Cir. 1991) (citing Haglof v. Northwest Rehabilitation, Inc., 910 F.2d 492, 495
(8th Cir. 1990)). "Summary judgments should be sparingly used and then only in those rare
instances where there is no dispute of fact and where there exists only one conclusion." Johnson,
931 F.3d at 1244. "All evidence must point one way and be susceptible of no reasonable
inferences sustaining the position of the non-moving party." Id. "Because discrimination cases

8

often depend on inferences rather than on direct evidence, summary judgment should not be granted unless the evidence could not support any reasonable inference for the nonmovant." Crawford v. Runyon, 37 F.3d 1338, 1341 (8th Cir. 1994).

Summary judgment is not appropriate in this case because there is a dispute of facts where more than one conclusion can be reached. Kalinowski has produced evidence from which a reasonable fact finder could find that the City discriminated against him based upon his age. Therefore, this Court cannot grant the City's Motion for Summary Judgment.  Whether or not the City intentionally discriminated against Kalinowski on the basis of age or retaliation is an issue for the jury to decide.

C.      Retaliation

Kalinowski also alleges that the City retaliated against him in violation of the Age Discrimination in Employment Act and the North Dakota Human Rights Act.

The ADEA provides that it is "unlawful for an employer to discriminate against any of his employees . . . because such individual . . . has opposed any practice made unlawful by this section, or because such individual . . . has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this chapter."  29 U.S.C. § 623(d) (1998).

Again, the McDonnell Douglas burden shifting analysis governs the order and allocation of proof for retaliation claims. Logan v. Liberty Healthcare Corp., 416 F.3d 877, 880 (8th Cir. 2005).  To establish a prima facie case of retaliation, a plaintiff must show that (1) he participated in a protected activity; (2) he was subjected to an adverse employment action by his employer at the time of, or after, the protected conduct occurred; and (3) there was a causal link between the

protected activity and the adverse employment action.  Berg v. Bruce, 112 F.3d 322, 328 (8th Cir.

1997).  If a plaintiff establishes a prima facie case of retaliation, to prevail on a summary

judgment motion an employer must establish a legitimate, nondiscriminatory reason for the

adverse action.  Krause v. Bobcat Co., 297 F.  Supp. 2d 1212, 1219 (D.N.D. 2003).  If the

employer establishes a nondiscriminatory reason for the adverse action, a plaintiff may still defeat

summary judgment if he can establish that the employer's stated reason was a pretext for

retaliation.  Id.

The City alleges that Kalowinski failed to establish a prima facie case of retaliation.  The

City claims that Kalinowski failed to show that the conduct alleged to be a protected activity was

related to age discrimination or retaliation.  He allegedly did not mention age discrimination or

retaliation until his appeal of his termination.  Furthermore, the City alleges that Kalinowski failed

to establish that he was subjected to adverse employment action at the time of, or after the

protected conduct occurred, and that there was a causal link between the protected activity and the

adverse employment action.

The City claims that Kalinowski's only evidence of retaliation is Wolf's October 10, 2003

written warning which occurred after Kalinowski's meeting with the police commission regarding

his August, 2003 performance evaluation and Kalinowski's April 10, 2004 termination which

occurred after his October 18, 2003 written appeal of the October 10, 2003 written warning.  The

City alleges that without additional evidence, the timing of these events are not close enough to

establish a genuine factual issue of retaliation as well as a causal link between the protected

activity and the adverse employment action.

Kalinowski alleges that he has established a prima facie case of retaliation.  He first alleges

that the ADEA does not require that the complaint specify that age is the basis for the discrimination or retaliation.  The act only requires that the complainant has "opposed any practice made unlawful" by the ADEA.  29 U.S.C. § 623(d).  Kalinowski alleges that he complained to Wolf, the Mayor, and Councilman Sagert about his various appeals of disciplinary and pay actions.  Specifically, Kalinowski complained that it was improper to pay a younger individual, namely Officer Peterson, more money than an older, more experienced and better educated worker.  He complained that Peterson, a friend of Wolf's, was not hired under the normal procedure for hiring others, and that Peterson was granted more money than what he was making as a sheriff's deputy at his previous job.  Furthermore, Kalinowski complained that Peterson was treated more favorably by Wolf because he was not disciplined for tardiness or similar conduct that Kalinowski was disciplined for.  Finally, Kalinowski alleges that part of the retaliation he experienced was due to having observed and reported Wolf for "stalking" his wife, conduct that allegedly resulted in Wolf being sent for a mental health evaluation.  Wolf denies such allegations.

This Court finds that a material dispute of facts exists.  There is a question of fact to whether Kalinowski was disciplined and later terminated based upon age discrimination and retaliation or due to his poor job performance.  Because Kalinowski has produced evidence from which a reasonable fact finder could find that the City retaliated against him based upon his disciplinary and improper pay complaints, as well as the behavior report given against Wolf, this Court cannot grant the City's Motion for Summary Judgment.  Whether or not the City intentionally retaliated against Kalinowski is an issue for the jury to decide.[1]

**IV.    Conclusion**

[1]The Court's reasoning applies to both the federal and state claims.

Summary judgment cannot be granted in this case due to issues of fact which must be resolved at trial.  For the foregoing reasons, the defendant's Motion for Summary Judgment (Doc. #18) is **DENIED**.

Dated this 31st day of July, 2006.

RODNEY S. WEBB   District Judge
United States District Court