```
             UNITED STATES DISTRICT COURT
               DISTRICT OF NORTH DAKOTA
                 NORTHEASTERN DIVISION
```

C.J. Kalinowski,                    )
                                    )
                  Plaintiff,        )
                                    )
     v.                             )     Civil No. 2:05-cv-19
                                    )
City of Cavalier,                   )
                                    )
                  Defendant.        )

## ORDER

Before the Court is the City of Cavalier's ("the City") Statement of Controverted Costs (doc. # 61) and Local Rule 54.1 Certification (doc. #62), seeking taxation of costs against C.J. Kalinowski.  At trial, a jury found for the City on Kalinowski's age discrimination and retaliation claims (doc. #58).  For the reasons discussed below, the Court **GRANTS** the City's motion for costs, and $1,396.00 are taxed against Kalinowski.

Rule 54(d)(1), Fed. R. Civ. P., allows the prevailing party to collect its costs:  "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs; . . ."  Section 1920, 28 U.S.C., enumerates the types of costs the prevailing party may collect, including court reporting fees, printing fees, and copying fees.  Taxable costs also include depositions, including depositions not used at trial as long as "they were reasonably necessary to the case and were not purely investigative in nature."  See Koppinger v.

1

Cullen-Schiltz and Assocs., 513 F.2d 901, 911 (8th Cir. 1975) (affirming the district court's grant of deposition costs).

Kalinowski's lawsuit also included North Dakota age discrimination claims. Section 28-26-06(2), N.D. Cent. Code, provides for the taxing of, "The necessary expenses of taking depositions and of procuring evidence necessarily used or obtained for use on the trial; . . ." This statute has been interpreted broadly. It allows for the collection of deposition costs when the depositions were used for and the case is disposed by summary judgment. Fleck v. ANG Coal Gasification Co., 522 N.W.2d 445, 454-55 (N.D. 1994). It also allows for the collection of deposition costs if the depositions are not introduced into evidence as long as the depositions were used in some way for the trial. Lacher v. Anderson, 526 N.W.2d 108, 112 (N.D. 1994).

Kalinowski argues that because none of the witnesses deposed testified by deposition, the depositions were not taken for "use on the trial," as is directed by N.D.C.C. §28-26-06(2) (doc. #63). This is the same restrictive reading of N.D.C.C. §28-26-06(2) that the North Dakota Supreme Court rejected in Lacher. The City used the depositions to support its motion for summary judgment, which the North Dakota Supreme Court accepted in Fleck. Furthermore, counsel for the City used the depositions to prepare for trial examination. The Court holds the Lacher court accepted this use as permissible under N.D.C.C. §28-26-06(2). Finally, the Court concludes the depositions were

2

reasonably necessary for this case and were not merely investigative, meeting the requirements of Koppinger.

The City's Statement of Controverted Costs (doc. # 61) and Local Rule 54.1 Certification (doc. #62) are **GRANTED**. Costs totaling $1,396.00 are taxed against Kalinowski and in favor of the City.

**IT IS SO ORDERED**.

Dated this 21st day of November, 2006.

_____
RODNEY S. WEBB, District Judge
United States District Court